IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Dale Smart, | ) C/A No.: 2:13-3621-GRA-BHH |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| South Carolina Department of | ) |
| Probation, Parole and Pardon Services, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

Petitioner, Robert Dale Smart ("Petitioner"), is currently under community supervision by the South Carolina Department of Probation, Parole and Pardon Services ("SCDPPPS," hereinafter "Respondent"). This matter is before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (DSC) for initial screening.

## PRO SE HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of this Petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se petitions are held to a less stringent standard than those drafted by attorneys; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978); and a federal court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially-meritorious case. Erickson v. Pardus, 551 U.S. 89, 94 (2007). When a federal

---

[1] The Rules Governing Section 2254 Cases in the United States District Courts are applicable to habeas actions brought under § 2241. See Rule 1(b).

court is evaluating a pro se petition, the petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990). Such is the case here.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is currently under Respondent's community supervision, as a result of Petitioner's conviction for criminal sexual conduct with a minor, on January 17, 2001, in State v. Smart, C/A No. 1998-GS-44-296, in the Union County General Sessions Court.[2] Petitioner was convicted after a jury trial and sentenced to fifteen years imprisonment. It appears that Petitioner's community supervision began on October 1, 2013 and is scheduled to end on September 30, 2015.[3] The document that opened this case (Petition, ECF No. 1) was originally filed, on December 2, 2013, as a Motion for Reconsideration in a different habeas corpus proceeding in this Court, Smart v. Warden of Kershaw Correctional Institution, C/A No. 2:13-2449-GRA-BHH (D.S.C.). See C/A No. 13-2449,

---

[2] See United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[3] See SCDPPPS Active Offender Information website http://www.dppps.sc.gov/results.asp (last visited May 21, 2014); Williams v. Long, 585 F. Supp. 2d 679, 685-89 (D. Md. 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

ECF No. 22.[4]  In C/A No. 13-2449, Petitioner filed a § 2254 habeas petition, on September 11, 2013, while Petitioner was incarcerated in the Kershaw Correctional Institution of the South Carolina Department of Corrections.  In that case, Petitioner's § 2254 petition was summarily dismissed without prejudice, on November 15, 2013, because Petitioner failed to obtain authorization from the United States Fourth Circuit Court of Appeals before filing the successive petition.[5]  Senior United States District Judge G. Ross Anderson construed Petitioner's Motion for Reconsideration in C/A No. 13-2449 as a § 2241 habeas petition.  On January 17, 2014, Judge Anderson ordered that the instant case be opened as a new § 2241 habeas case, as of December 2, 2013, the date on which the Clerk of Court received Petitioner's original filing in C/A No. 13-2449.

In C/A No. 13-2449, Petitioner alleged, "The State has suppressed evidence, the Petitioner has been denied all requested discovery or to authenticate the DSS or Rosborough reports, that proves Petitioner's innocence.  Until the Petitioner is granted the requested discovery the statute of limitation has not begun to run."  C/A No. 13-2449, ECF

---

[4] See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) (district court clearly had the right to take notice of its own files and records).

[5] Petitioner filed a previous § 2254 petition, in Smart v. Reynolds, C/A No. 8:08-cv-3918-GRA-BHH (D.S.C.), which was dismissed with prejudice when Respondent's Motion for summary judgment was granted, on December 9, 2009.  See C/A No. 08-3918, ECF No. 81.  Petitioner filed motions to alter or amend this Court's judgment, which were denied, on January 22, 2010, see C/A No. 08-3918, ECF No. 101.  Petitioner appealed this Court's rulings to the United States Court of Appeals for the Fourth Circuit, which dismissed Petitioner's consolidated appeals, on August 31, 2010.  See C/A No. 08-3918, ECF Nos. 108, 113.  In a subsequent § 1983 case, Petitioner alleged that he filed a petition for a writ of certiorari with the United States Supreme Court, which was denied on March 7, 2011.  Petitioner alleged that he also filed a motion for rehearing with the United States Supreme Court, which was denied on June 6, 2011.  See Smart v. Wilson, C/A No. 2:11-2087-GRA-BHH, 2011 WL 4808212, at *2 (D.S.C. Aug. 30, 2011) (citations omitted).

No. 1, p. 15.  Petitioner alleged, among other things, prosecutorial misconduct, ineffective assistance of trial counsel, deficient indictment, alteration of trial transcripts, his incarceration was intended to prevent him from filing a lawsuit against doctors who hid the fact of his poisoning, and the lingering effects of the poisoning has left him unable to eat food provided by SCDC.  Petitioner asked that his sentence be vacated or reversed, and that his name to be cleared.  Id. at 16.

In the instant Petition, Petitioner alleges that he:

did not properly file his original habeas corpus but he should not be punished for not being able to think good enough to get the issued ruled on at the time. Petitioner was ineffective in his statute 2254 application and is entitled to file a 2241 and have his innocence claim ruled on by an unbiased Court. Petitioner tried to file a 2241 in New York but that court transferred the case to the Fourth Circuit Court of Appeals who informed Petitioner, he had to file a successive habeas and was sent the form by the Fourth Circuit Court of Appeals. . . . The Fourth Circuit Court of Appeals denied Petitioner's application for a successive habeas.

Petition, ECF No. 1, p. 1.  Petitioner further alleges the following "REASONS FOR GRANTING RELIEF":

1. Petitioner was not guilty, the Tezners filed the charges to change the subject to B.T. instead of the Petitioner being poisoned, loco parents, using the criminal justice system for personal gain and to cover up their crimes.

2. The United States and South Carolina Constitutions guarantee criminal defendants the right to put up a defense in all criminal prosecutions, a legal indictment, proof beyond a reasonable doubt of every element necessary to constitute the crime, and an attorney that does not have a conflict of interest and subjects the prosecution to a vigorous defense.

3. The Petitioner was incompetent at trial, the Sixth Amendment assures defendants that they will not be tried while incompetent.

4. The state has overlooked the fact that parents are using child to get criminal convictions against people that may or may not have a grudge against.

5. B.T. was coached and trained for months before the accusations against the Petitioner.  Children will believe anything their parents tell them.

6. The poisoning acts against the Petitioner by the Tezners were a violation of PUBLIC SAFETY and could have killed anybody that sat down behind the Petitioner.

7. Judge King based his decision on B.T.s testimony that was just rumors and or perjury not constitutionally reliable evidence.

8. The Federal Court of South Carolina are not protecting citizens from wrongful convictions and allowing corrupt attorneys to bilk innocent people out of their hard earned money.

9. The Petitioner hired four attorneys and not one of them would argue the Petitioner's issues or for public safety in this case.

Id. at 24-25.

## DISCUSSION

As noted above, Petitioner's pleading, originally filed in C/A No. 13-2449, is styled as a "Motion for Reconsideration Under rule 59(e) or 60(b) also Statute 2241," Id. at 1, but has been construed as a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 and filed in this new case.  However, because Petitioner is challenging the constitutionality of his state court judgment of conviction and the validity of his continued custody in SCDPPPS's community supervision program, Petitioner cannot evade the procedural requirements of 28 U.S.C. § 2254, simply by filing an action purporting to be a § 2241 petition.  See Thomas v. Crosby, 371 F.3d 782, 787 (11th Cir. 2004), which is cited by the Honorable Henry F. Floyd, then United States District Judge, in Rochester v. Reynolds, Civil Action No, 8:10-1879-HFF-BHH, 2010 WL 3786193 (D.S.C. Sept. 21, 2010), appeal dismissed, No. 10-7712, 412 F. App'x 571, 2011 WL 64126 (4th Cir. Feb. 23, 2011). Petitioner's challenges may be raised pursuant to § 2254, only after he has exhausted his state-court remedies.  See 28 U.S.C. § 2254(b); Braden v. 30th Judicial Circuit Court, 410

U.S. 484, 490-491 (1973) (exhaustion required under 28 U.S.C. § 2241); Picard v. Connor, 404 U.S. 270 (1971).  Therefore, the instant Petition is analyzed as one brought pursuant to § 2254.[6]

As noted above, Petitioner has filed two prior § 2254 habeas corpus actions in this Court.  The instant Petition is successive and, therefore, cannot be entertained without leave from the United States Court of Appeals for the Fourth Circuit.  Regardless of whether these particular grounds for relief have been presented before, they cannot be presented in this successive petition.  "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."  28 U.S.C. § 2244(b)(1).  And "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless an exception applies.[7]  When a petitioner has

---

[6] The undersigned observes that the United States Court of Appeals for the Fourth Circuit has noted that there is a split of authority in whether § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his or her underlying state court conviction. See Gregory v. Coleman, 218 F. App'x 266, 267 n.1 (4th Cir. 2007).

[7] As stated in 28 U.S.C. § 2244(b)(2), an exception applies if:

(A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

previously litigated a § 2554 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). See also Rule 9, Rules Governing Section 2254 Cases in the United States District Courts: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."

Petitioner's allegations in the instant Petition appear to have been raised before, in C/A No. 08-3918 and C/A No. 13-2449, and any new allegations, if not previously raised, do not appear to present facts which would satisfy the statutory exceptions. Here, Petitioner asserts that the issues he raises prove his actual innocence and the state's lack of jurisdiction over his criminal proceeding. A petitioner may be able to present a claim for the first time in a successive habeas petition, if the claim is based on newly discovered evidence, where the petitioner can make a prima facie showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i), (ii). See Evans v. Smith, 220 F.3d 306, 323 (4th Cir. 2000). However, even if Petitioner's grounds for relief satisfy these strict requirements, the Fourth Circuit is the proper tribunal to make that decision when authorization is requested, not this district court. See 28 U.S.C. § 2244(b)(3)(A)-(E).

The "AEDPA does not define 'second or successive.' " United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000). The standard for determining whether a petition is successive appears in Slack v. McDaniel, 529 U.S. 473, 485-489 (2000) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits).

7

Petitioner's prior petition in C/A No. 08-3918 was adjudicated on the merits. As a result, the instant Petition, though styled as a § 2241 Petition, is subject to dismissal under Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts.[8] See Miller v. Bordenkircher, 764 F.2d 245, 248-250 & nn.3-5 (4th Cir. 1985); see also McCleskey v. Zant, 499 U.S. 467 (1991); Section 106 of the AEDPA, Public Law 104-132, 110 U.S.Stat. 1214; Bennett v. Angelone, 92 F.3d 1336 (4th Cir. 1996).

## RECOMMENDATION

Based on the foregoing, it is recommended that the instant Petition be summarily dismissed, without prejudice and without requiring Respondent to file a return. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); Toney v. Gammon, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit).

Petitioner's attention is directed to the important notice on the next page.

June 2, 2014                                            s/Bruce Howe Hendricks
Charleston, South Carolina                  United States Magistrate Judge

---

[8] "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." Rule 9 (applicable to § 2241 habeas petitioner pursuant to Rule 1(b)).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).