UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Robert Dale Smart,  )  )  Petitioner,  )  )  v.  )  )  South Carolina Department of Probation,  ) Parole and Pardon Services,  )  )  Respondent.  )  _____ ) | C/A No.: 2:13-03621-GRA  **ORDER** (Written Opinion) |

This matter comes before this Court for a review of United States Magistrate Judge Bruce Hendricks' Report and Recommendation made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) DSC, and filed on June 2, 2014.[1] Petitioner Robert Dale Smart ("Petitioner"), proceeding *pro se*, originally brought this action as a "Motion for Reconsideration" and pursuant to 28 U.S.C. § 2241 on December 2, 2013. ECF No. 1. Petitioner is currently under community supervision by the South Carolina Department of Probation, Parole and Pardon Services ("SCDPPS," hereinafter "Respondent"), and seeks relief from his state court conviction. *Id.* Magistrate Judge Hendricks, construing Petitioner's motion as a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, recommends that this Court dismiss the instant petition without prejudice and without requiring Respondent to file a return, because Petitioner has not obtained an order from the Fourth Circuit Court of Appeals authorizing this Court to consider the petition. *Id.* at 8.

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those

---

[1] United States Magistrate Judge Bruce Hendricks has since been confirmed a United States District Judge for the District of South Carolina.

drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which a specific objection is made, and this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner timely filed a "Motion in Objection to the Magistrates Report and Recommendation" on June 17, 2014; however, "courts have . . . held *de novo* review to be unnecessary . . . in situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Here, Petitioner objects to the magistrate's finding that he has not presented "facts that are currently cognizable in a federal court" and attempts to allege "new evidence." ECF No. 18. Petitioner's objections, however, fail to specifically identify

an error in the Report and Recommendation; rather, he restates his arguments that were correctly addressed by the magistrate. This Court will not address the issues a second time, particularly in light of the fact that the instant petition is successive and this Court cannot entertain Petitioner's arguments without leave from the Fourth Circuit Court of Appeals.

After a careful review of the record, this Court finds that the magistrate judge's Report and Recommendation accurately summarizes the case and applicable law. Accordingly, for the reasons articulated by the magistrate judge, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Petitioner's petition (ECF No. 1) is DISMISSED without prejudice. The Court declines to issue a certificate of appealability in this matter.[2]

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

July  9 , 2014
Anderson, South Carolina

---

[2] When a district court issues a final ruling on a habeas petition, the court must issue or deny a certificate of appealability. See Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255. The Court has reviewed its order and, pursuant to Rule 11(a), declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); see Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that, to satisfy § 2253(c), "a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").