UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Robert Dale Smart | ) | |
| | ) | C/A No.: 2:13-03621-GRA |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| South Carolina Department of Probation, | ) | (Written Opinion) |
| Parole and Pardon Services, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court upon Plaintiff Robert Dale Smart's ("Petitioner's") *pro se* "Motion of Reconsideration," of the Court's July 9, 2014 Order adopting the magistrate judge's Report and Recommendation and dismissing Petitioner's petition without prejudice. For the reasons stated herein, the motion for reconsideration is DENIED.

## **Standard of Review**

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to

unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

## Background

On December 2, 2013, Petitioner filed a habeas petition with this Court. ECF No. 1. In his petition, Petitioner challenged the constitutionality of his state court judgment and conviction and the validity of his continued custody in the South Carolina Department of Probation, Parole and Pardon Services' community supervision program. *Id.* The magistrate judge issued a Report and Recommendation on June 2, 2014, and Petitioner filed objections to the Report on June 17, 2014. ECF Nos. 13 & 18. This Court subsequently adopted the Report and Recommendation on July 9, 2014, and dismissed Petitioner's habeas petition without prejudice. ECF No. 19.

## Discussion

As motions to reconsider are not expressly contemplated by the Federal Rules of Civil Procedure, this Court will treat Petitioner's "Motion of Reconsideration" as a Rule 59 Motion to Alter or Amend the Judgment. Rule 59(e) allows a party to file a motion to alter or amend a judgment within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A motion to alter or amend a judgment is "an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright et. al, *Federal Practice and Procedure* § 2810.1, at 124 (2d ed. 1995)). It may only be granted for three reasons: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest

injustice." *Id.* Furthermore, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Wright et. al, *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995)).

Having carefully reviewed Petitioner's reconsideration motion, this Court finds that it presents no new controlling law, nor new evidence, nor does it point to any clear legal error of this Court. This Court concludes that its prior decision dismissing the petition was and is correct as a matter of law.

**IT IS THEREFORE ORDERED** that Petitioner's "Motion of Reconsideration" is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

July  25 , 2014
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.